1
2
3
4
5
6               **UNITED STATES DISTRICT COURT**
7                        **DISTRICT OF NEVADA**
8
9    RONNY LEYVA,
           *Plaintiff,*                          2:10-cv-00084-KJD-RJJ
10
     vs.                                          ORDER
11
12   DWIGHT NEVEN, *et al.,*
13           *Defendant*s.
14
15          This *pro se* prisoner civil rights action by an inmate in the custody of the Nevada
16   Department of Corrections ("NDOC") comes before the Court for initial review under 28 U.S.C.
17   § 1915A.
18          When a "prisoner seeks redress from a governmental entity or officer or employee of
19   a governmental entity," the court must "identify cognizable claims or dismiss the complaint,
20   or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a
21   claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who
22   is immune from such relief."  28 U.S.C. § 1915A(b).
23          In considering whether the plaintiff has stated a claim upon which relief can be granted,
24   all material factual allegations in the complaint are accepted as true for purposes of initial
25   review and are to be construed in the light most favorable to the plaintiff.  *See,e.g., Russell*
26   *v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).   However, mere legal conclusions
27   unsupported by any actual allegations of fact are not assumed to be true in reviewing the
28   complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868

1  (2009).  That is, bare, naked and conclusory assertions that merely constitute formulaic

2  recitations of the elements of a cause of action and that are devoid of further factual

3  enhancement are not accepted as true and do not state a claim for relief.  *Id.*

4      Allegations of a *pro se* complainant are held to less stringent standards than formal

5  pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30

6  L.Ed.2d 652 (1972).

7      In the complaint, plaintiff Ronny Leyva alleges that High Desert State Prison ("High

8  Desert") prison officials wrongfully confiscated and permanently deprived him of crime scene

9  photographs that he kept in his fire box for his legal files.  He alleges that he was authorized

10  to have the crime scene photos in his possession when he previously was incarcerated at Ely

11  State Prison.  He seeks monetary damages from, in their individual capacities, High Desert

12  Warden Dwight Neven, NDOC Deputy Director of Operations Greg Cox, and High Desert

13  Caseworker Roland Daniels.  He alleges that each one of these officers was made aware of

14  the deprivation through the grievance process and had the authority to return the property but

15  chose not to do so.  In four counts based upon these alleged facts, plaintiff alleges that he

16  was deprived of his property without due process of law in violation of the Fourteenth

17  Amendment, that he was subjected to an unreasonable seizure in violation of the Fourth

18  Amendment, that the confiscation violated his Sixth Amendment right to assist in his defense,

19  and that the deprivation violated a purported Eighth Amendment right to due process.

20      In Count I, plaintiff fails to state a claim under the Fourteenth Amendment for a denial

21  of procedural due process, due to the availability of an adequate state post-deprivation

22  remedy for the loss.  *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d

23  393 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981),

24  *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d

25  662 (1986); N.R.S. 73.010; N.R.S. 41.031; N.R.S. 209.243.

26      In Count II, plaintiff fails to state a claim under the Fourth Amendment for an alleged

27  unreasonable seizure.  In *Hudson*, the Supreme Court held that inmates have no expectation

28  of privacy in their personal property in prison and that the Fourth Amendment therefore is

1  inapplicable to a search or seizure of an inmate's personal property.  *See* 468 U.S. at 522-30,

2  104 S.Ct. at 3198-3202.  The Supreme Court made it clear that its holding that there was no

3  Fourth Amendment protection in this context applied fully to the alleged seizure and

4  destruction of property as well as to the search itself:

6          Respondent contends also that the destruction of his

7  personal property constituted an unreasonable seizure of that property violative of the Fourth Amendment.  Assuming that the Fourth Amendment protects against the destruction of property,

8  in addition to its mere seizure, the same reasons that lead us to conclude that the Fourth Amendment's proscription against

9  unreasonable searches is inapplicable in a prison cell, apply with controlling force to seizures. Prison officials must be free to seize

10  from cells any articles which, in their view, disserve legitimate institutional interests. . . . .

11  468 U.S. at 528 n.8, 104 S.Ct. at 3201 n.8.  The Court noted that the prisoner's remedy in that

12  situation, just as with regard to the Fourteenth Amendment due process claim, was a state

13  post-deprivation remedy for the alleged destruction of the property.  *Id.*

14       In Count III, plaintiff fails to state a claim under the Sixth Amendment for a violation of

15  his right to assist in his defense.  Plaintiff already has been convicted, and he alleges that the

16  crime scene photos were from files relinquished by the public defender's office.  The Sixth

17  Amendment right in question does not extend to an incarcerated convict, even one *arguendo*

18  considering retaining counsel in order to pursue post-conviction relief.

19       In Count IV, plaintiff fails to state a claim under the Eighth Amendment for a violation

20  of due process.  Due process protections arise under the Fifth and Fourteenth Amendments

21  rather than the Eighth Amendment.  As discussed above, plaintiff fails to state a due process

22  claim.  The Eighth Amendment otherwise does not provide any applicable protection on the

23  facts alleged.

24       The complaint therefore will be dismissed for failure to state a claim upon which relief

25  may be granted.  The Court finds that delaying dismissal for leave to amend would be futile.

26       IT THEREFORE IS ORDERED that the complaint is DISMISSED for failure to state

27  a claim upon which relief may be granted.

28       / / / /

1    The Clerk of Court shall enter final judgment accordingly in favor of defendants and

2   against plaintiff, dismissing this action without prejudice for failure to state a claim.

3          DATED:        November 5, 2010

_____

KENT J. DAWSON
United States District Judge

-4-